Mark F. James (5295)
Mitchell A. Stephens (11775)
Dillon P. Olson (16120)
HATCH, JAMES & DODGE, P.C.
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Email: mjames@hjdlaw.com
       mstephens@hjdlaw.com
       *dolsen@hjdlkaw.com*
*Counsel for Plaintiffs*

---

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| NEWAYS HOLDINGS, LP AND MAPLE MOUNTAIN GROUP, INC. DBA MODERE, INC.<br>        Plaintiffs,<br><br>vs.<br><br>U.S. SPECIALTY INSURANCE COMPANY,<br>        Defendant. | **COMPLAINT**<br><br>Case No. 2:18-cv-00716<br><br>Judge Evelyn J. Furse |

Plaintiffs Neways Holdings, LP ("Neways Holdings") and Maple Mountain Group, Inc. dba Modere, Inc. ("Modere"), through their legal counsel Hatch, James & Dodge, P.C., hereby complain against defendant U.S. Specialty Insurance Company ("U.S. Specialty") and allege as follows:

**INTRODUCTION**

Neways Holdings and Modere bring this lawsuit seeking to recover from U.S. Specialty pre-tender costs and fees of $516,241.25 that U.S. Specialty owes them but has refused to pay, together with pre- and post-judgment interest therein, costs, and, to the extent recoverable, attorney fees.

## PARTIES

1. Neways Holdings is a limited partnership whose general partner is domiciled in the Cayman Islands.

2. Modere is a Utah corporation with headquarters in Springville, Utah.

3. U.S. Specialty is an insurance company with headquarters in Houston, Texas. Upon information and belief, U.S. Specialty is a Delaware corporation.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(2)(a) by virtue of diversity of citizenship. The amount in controversy exceeds $75,000, exclusive of interest and cost.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. Neways Holdings, Modere and others were sued by a company called Nerium International, LLC in the 191st Judicial District Court of Dallas County, Texas (Cause No. DC-16-16485) (the "Nerium Lawsuit").

7. The case started with a flurry and required immediate action, including defending a motion for temporary restraining order. Multiple depositions and written discovery were undertaken on an expedited basis.

8. The parties were several months into the case when Neways Holdings and Modere were able to ascertain that they had insurance coverage with U.S. Specialty that provided coverage for at least some of the claims asserted in the Nerium Lawsuit.

9. A true and correct copy of the U.S. Specialty insurance policy is attached as Exhibit "A" hereto and incorporated by reference.

10. Neways Holdings and Modere tendered the case to U.S. Specialty, who reluctantly acknowledged its obligation to indemnify Neways Holdings and Modere and to pay defense costs for the Nerium Lawsuit.

11. Eventually, following a mediation, the Nerium Lawsuit settled. U.S. Specialty paid a portion of the amount required to settle the case. Neways Holdings and Modere paid the rest.

12. Although U.S. Specialty generally paid the costs and attorney fees incurred by the Salt Lake City law firm of Parr Brown Gee & Loveless, legal counsel for Neways Holdings and Modere, in connection with the lawsuit, it refused to pay those costs and fees incurred before the Nerium Lawsuit was tendered to U.S. Specialty.

13. The pre-tender costs and fees paid by Modere and Neways Holdings and that U.S. Specialty refused to reimburse total $516,241. Those fees and costs were actually and necessarily incurred, including to defend against extraordinary and expedited relief. Moreover, the timing of the tender by Modere and Neways Holdings made no difference whatsoever to the incurrence of those costs and fees.

14. The pre-tender costs and fees were incurred by the same legal counsel who represented Neways Holdings and Modere throughout the entirety of the case.

15. In other words, the pre-tender costs and fees would have been incurred equally regardless of whether U.S. Specialty had been notified of the lawsuit the minute it was filed or was notified some time later, which happened to be the case.

16. Utah Code Ann. § 31A-21-312(2) provides that "[f]ailure to give notice or file proof of loss . . . does not bar recovery under the policy if the insurer fails to show it was prejudiced by the failure."

17. The timing of the notification to U.S. Specialty resulted in no prejudice to U.S. Specialty.

## FIRST CLAIM FOR RELIEF
### Breach of Agreement

17. Neways Holdings and Modere repeat and reincorporate by reference the foregoing paragraphs.

18. By failing and refusing to pay the pre-tender costs and fees that Neways Holdings and Modere incurred, U.S. Specialty breached its insurance agreement with Neways Holding and Modere as modified by Utah law.

19. As a direct and proximate result of U.S. Specialty's breaches, Neways Holdings and Modere have been damaged and are entitled to recover from U.S. Specialty in an amount to be determined at trial but in no event less than $516,241.25.

20. In addition, Neways Holdings and Modere are entitled to recover from U.S. Specialty their costs, pre- and post-judgment interest, and, to the extent recoverable, attorney fees.

## SECOND CLAIM FOR RELIEF
### Breach of Implied Covenant of Good Faith and Fair Dealing

21. Neways Holdings and Modere repeat and reincorporate by reference the foregoing paragraphs.

22. Implied in the U.S. Specialty insurance agreement is a covenant of good faith and fair dealing.

23. The covenant prohibits U.S. Specialty from taking action that improperly would deprive Neways Holdings and/or Modere from the benefits of their contract with U.S. Specialty.

24. By failing and refusing to pay the pre-tender costs and fees that Neways Holdings and Modere incurred, U.S. Specialty breached the covenant of good faith and fair dealing.

25.　As a direct and proximate result of U.S. Specialty's breach, Neways Holdings and Modere have been damaged in an amount to be determined at trial but in no event less than $516,241.25.

26.　In addition, Neways Holdings and Modere are entitled to recover from U.S. Specialty costs, pre- and post-judgment interest, and, to the extent recoverable, attorney fees.

## PRAYER FOR RELIEF

Wherefore, Neways Holdings and Modere request judgment in each of their favor and against U.S. Specialty in an amount to be proven at trial, but in no event less than $516,241.25, plus pre- and post-judgment interest, costs, and, to the extent recoverable, attorney fees. Neways Holdings and Modere also are entitled to such other and further relief as the Court deems just.

## JURY DEMAND

Neways Holdings and Modere each hereby demands a jury trial on all issues and counts triable to a jury.

DATED this 11th day of September, 2018.

**HATCH, JAMES & DODGE, P.C.**

By:　/s/ Mark F. James
　　　Mark F. James
　　　Mitchell A. Stephens
　　　Dillon P. Olsen

　　　*Counsel for Plaintiffs*